# Arrington *v.* Morgan.

## *Action for Breach of Special Contract.*

1. *County convicts; contract of sub-hiring.*—A hirer of county convicts, under contract with the commissioners court, has no authority to sub-let them to another person; and such contract of sub-hiring, being illegal and void, will not support an action.

APPEAL from Clarke Circuit Court.

Tried before the Hon. WM. E. CLARKE.

This action was brought by A. J. Arrington, against Daniel L. Morgan and others; was commenced on the 13th August, 1881, and was founded on a written contract by which plaintiff hired and sub-let to said Morgan (for whom the other defendants were sureties) the county convicts of Sumter county, whom the plaintiff had hired from the commissioners court of said county. The said contract, a copy of which was set out in the complaint, and which was dated April 26th, 1879, recites that "the said D. L. Morgan hereby hires from the said A. J. Ar-

[Arrington v. Morgan.]

rington, for the year 1879, all the convicts whose names are hereto annexed, to-wit," "and all others that may be hereafter sentenced at any of the courts of said county during said year; and the said Morgan does hereby agree to pay the said Arrington $6.16 each, per month, for said convicts, to be paid as follows;" "and to furnish said convicts with a sufficiency of good and wholesome food, with medicines and medical attention, and a sufficiency of good and comfortable clothing; and is to attend each circuit court to receive said convicts, and to return them to the sheriff of Sumter county, on the 1st day of January, 1880, unless he or she be dead, or otherwise legally discharged." The complaint alleged, in an amended count, that the plaintiff, on the 16th December, 1878, entered into a written contract with the judge of probate and county commissioners of Sumter county, "for the hire of the persons convicted and to be convicted and sentenced to hard labor for the year 1879, and by the terms thereof bound himself, among other things, to deliver at the jail of Sumter county, on the 31st December, 1879, all the convicts he received from said county, except those who died, or whose term of service had expired, or who had been legally discharged;" that this contract was in force and undetermined, and was well known to the defendants, at the time they entered into said contract of re-hiring with plaintiff for said convicts. The breaches assigned in the complaint were, that the defendants had not paid the stipulated hires, and had not delivered the convicts at the termination of the contract, but had suffered some of them to escape, whereby plaintiff was damnified, etc. The defendants demurred to the complaint, and to each count thereof, on the ground that the contract set out was contrary to public policy, illegal and void, and no action would lie for its breach. The court sustained the demurrer, and its judgment thereon is now assigned as error.

D. C. ANDERSON, for appellant, cited *Ware v. Jones*, 61 Ala. 295; 1 Brick. Dig. 386, § 164; 2 Chitty's Contr. 977, 979, 982.

J. Y. KILPATRICK, *contra*, cited *State v. Metcalfe* [*ante* p. 42].

SOMERVILLE, J.—In the case of *The State v. Metcalfe*, decided at the last term [*ante*, p. 42], it was held, that a contract for the hire of county convicts, made with the hirer by the probate judge, without any order or authority of the commissioners court, was illegal, and the agreement of the hirer to pay for the convicts' services was void, as against the public policy. The plaintiff was debarred from recovery, because he required aid from an illegal transaction in order to establish his cause of action.

[Arrington v. Morgan.]

In the present case, the plaintiff, Arrington, hired several convicts from the court of county commissioners of Sumter county; and the hiring seems to have been conducted in accordance with the statute regulating the system of hard labor for the county.—Code, 1876, §§ 4465 *et seq.* The plaintiff, thereupon, sub-let these convicts to the defendants, Morgan and others, without any authority of the commissioners court, and required of defendants, as sub-hirers, a written agreement to pay hire at stipulated rates, with other covenants substantially the same as those contained in the bond exacted under the statute from the plaintiff, as original hirer.

The question for decision is, whether the contract sued on is illegal. If so, the case can not be distinguished from that of *The State v. Metcalfe, supra.* We can see no authority in the statute for the hirer of convicts to sub-hire them to others. The only authority given to any one to let such convicts to hire is that conferred on the court of county commissioners, under whose superintendence and control the hard labor system of the several counties is placed, with power to determine in what manner, and on what particular works, the labor shall be performed.—Code, 1876, §§ 4465–69. The hirer is required to give bond, with sureties, to pay the hire agreed on, and to furnish the convict with "a sufficiency of good and wholesome food, with medicine and medical attendance when necessary," and, in some cases, specified articles of clothing.—Code, §§ 4470–71.

This statute is strictly penal in its nature, being designed to enforce a species of involuntary servitude in the nature of legalized slavery, incurred by the commission of crime. Being in restriction of the citizen's liberty, such a statute can not be enlarged by implication, or extended to cases not obviously within its words and purport. The servitude legalized is that incurred by the act of the commissioners court in letting the convicts to some person, whom they are authorized to select, and who may be selected because of his good standing and peculiar fitness to take custody of the hirelings. The statute nowhere permits, expressly, or by the remotest implication, a sub-hiring to another and distinct person. This would be tantamount to allowing an assignment of the contract of hiring, without permission of the commissioners court. It would not only be contrary to the policy of the law, as tending obviously to results in violation of the purpose and spirit of the whole system of hard labor, but it is unauthorized by the plain words of the statute, and, therefore, prohibited by implication.

The rulings of the court are free from error, and the judgment is affirmed.